```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL ACTION NO. 2:96-00002

**ROBERT KELLY JACKSON, JR.**


### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On April 25, 2018, the United States of America appeared by Gabriele Wohl, Assistant United States Attorney, and the defendant, Robert Kelly Jackson, Jr., appeared in person and by his counsel, Roger L. Lambert, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer Lilla Adkins.  The defendant commenced a three-year term of supervised release in this action on March 10, 2016, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on June 12, 1996.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant committed the state and local offense of driving under the influence and failed to refrain from the excessive use of alcohol as evidenced by his arrest on December 5, 2017, at which time a preliminary breath test was administered which indicated the presence of alcohol; (2) the defendant failed to abide by the special condition that he spend a period of three months in a community confinement center inasmuch as he entered Dismas Charities on February 22, 2018, and on March 24, 2018, failed to return to the facility as scheduled after he was administered a breath test by a staff member from Dismas Charities while performing community service at Heart and Hand Thrift Store in South Charleston, West Virginia, thereby absconding the program and rendering his whereabouts unknown; (3) the defendant used alcohol to excess on March 29, 2018, as evidenced by a Breathalyzer test administered by the probation officer which indicated a blood alcohol concentration level of .115, the defendant having signed a voluntary admission form confirming his use of alcohol; and (4) the defendant used and possessed methamphetamine and opiates as evidenced by a positive urine

2

specimen submitted by him on March 29, 2018, the defendant having signed a voluntary admission form confirming his intravenous use of methamphetamine and heroin; as as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of FOUR (4) MONTHS, to be followed by a term of thirty (30) months of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the

Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that, immediately upon his release from imprisonment, he participate in and successfully complete the 9 to 12 month inpatient treatment program at Recovery Point, at a location to be determined by the probation officer, where he shall follow the rules and regulations of the facility and participate in substance abuse counseling and treatment as directed by the facility and the probation officer.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: May 3, 2018

John T. Copenhaver, Jr.
United States District Judge